# SUPERIOR COURT

M. Mandel  
vs.  } No.59086  
American Cork & Crown Co.

RESCRIPT

February 12, 1925

SUMNER, J. Plaintiff has brought suit to recover a balance due by reason of his paying certain notes given by the defendant to the North End Assistance Association upon which he was liable as an endorser. The jury brought in a verdict for the plaintiff in the sum of $30 and the plaintiff has asked for a new trial on the ground that the amount of the verdict was too small and also that he had discovered new evidence.

At the hearing plaintiff introduced an affidavit by an officer of the as-

sociation fixing the amount owed by the defendant to the association and offered it as new and material evidence and defendant allowed it to stand. The court considers this evidence helpful.

Plaintiff testified that he endorsed four notes of the defendant aggregating $900, given to the North End Assistance Association; that the defendant paid certain sums under the by-laws on these notes from time to time, was allowed certain credits by the association and at the end of the terms there was due from the defendant to the Association the sum of $258.90; that the Association took this sum from money due to the plaintiff on account of payments that he had made in a similar way and accordingly the plaintiff now seeks to recover that sum from the defendant.

Defendant claims that after he had given two notes to the Association the plaintiff asked him to give him security for his endorsements and that on June 12, 1922, he gave his two months' note to the plaintiff for the sum of $228, and that this note represented the amount the defendant owed the Association at that time; that the plaintiff subsequently recovered judgment on this note for $228 and therefore is estopped from collecting that sum in this suit. The bankruptcy of the defendant meanwhile has precluded plaintiff from recovering anything on this judgment. Under this claim of the defendant, he would still be owing the plaintiff the sum of $30, the verdict which the court instructed the jury they must return in any event.

The defendant, claiming that his liability on the first two notes given to the Association is covered by this note of $228, further says that he actually paid to the Association the amount of the last two notes given by him, aggregating $500. The plaintiff says that the note for $228 given

to him by the defendant represented money loaned to the defendant by him and had nothing to do with the transaction for which this suit is brought, and the court is inclined to believe him.

If the defendant paid the last two notes, it is strange that he did not regain them and that they now appear in the possession of the plaintiff as their owner.

In equity the Association would be required to apply the payments made by the defendant from time to time to the discharging of the notes in the order in which they fell due and in the absence of testimony from the officers of the Association to the contrary, the court will assume that such was the case. If that was the case and the note for $228 was given as security, the plaintiff had a valid defence to the suit on the note for $228 on the ground that the debt for which it was given as security had been paid. However, if he had that defence he did not see fit to avail himself of it. The defendant testified that shortly after he had given the note for $228 in June he got the loan on the $300 note. As a matter of fact, he did not get the loan on the $300 note until September 16, 1922, over a month after the note for $228 had fallen due and remained unpaid.

The court also believes (assuming that the $228 note was given as security) that the plaintiff could now proceed to enforce the original claim as the alleged security has entirely failed.

The defendant's story was contradictory and the court believes that it was not a correct statement of the transaction.

The plaintiff's petition for a new trial is granted.

For plaintiff: Robinson & Robinson.

For defendant: George Helford.